IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 4:24CR3029 |
| vs. | |
| OLEN WARNER | MEMORANDUM AND ORDER |
| Defendant. | |

Defendant Olen Warner filed a motion to sever, Filing No. 95, and a motion to compel disclosure of two confidential informants.¹ Filing No. 98. Warner contends he will be substantially prejudiced and his right to a fair trial compromised if his trial is not severed from co-defendant Ernesto Leyva. Filing No. 95. Further, he argues disclosure of the informants' identities is required because they are in possession of information that is critical to his defense. Filing No. 98. Warner has also filed a motion requesting a hearing on these pretrial motions. Filing No. 105.

For the reasons stated below, the motions will be denied.²

---

¹ The parties refer to the two confidential informants as "CI K-324" and "CI unknown". Filing No. 98. For clarity and ease of reference, the Court refers to them as CI-1 (CI K-324) and CI-2 (CI Unknown).

² The undersigned notes Warner's briefing does not comply with NECrimR12.3(b)(1). The Court considers the merits of Warner's arguments despite this failure.

1

## STATEMENT OF FACTS

On March 18, 2024, Warner was charged in a two-count indictment. Filing No. 1. Count I charges Warner and co-defendants Danna Hespen[3] and Ernesto Leyva with conspiracy to distribute methamphetamine, fentanyl, and heroin between December 2022 and July 2023, in violation of Title 21, United States Code, Section 846. *Id*. Count II charges Warner with distribution of fentanyl on May 11, 2023, in violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1). *Id*.

As is relevant to the present motion, Count I is based, in part, on information provided by CI-1. CI-1 identified "Dan," later identified as Warner, as the source of methamphetamine for Hespen, delivering approximately six pounds of methamphetamine a week. Filing No. 108-1. CI-1 indicated that Warner lived near the Colorado and Nebraska border and transported methamphetamine on his green motorcycle. *Id*. CI-1 further advised law enforcement that they had seen Hespen and Leyva with drugs they claimed came from Warner and that Hespen and Leyva set up drug deals with Warner through social media and phone calls. Filing No. 108-1 at 12. This information, along with information provided by other known sources, was used to obtain a search warrant of Hespen's social media account.

Count II is based on a controlled purchase of fentanyl in Lincoln, Nebraska on or about May 11, 2023. Specifically, on May 11, 2023, CI-2 contacted law enforcement advising that Warner was attempting to sell them fentanyl pills. Filing No. 115-2. At the request of law enforcement, CI-2 arranged to meet Warner at a restaurant in Lincoln, Nebraska to purchase 230 fentanyl pills for $1540. *Id*. Prior

---

[3] Hespen has since entered a plea agreement and is set to be sentenced on January 16, 2025. Filing Nos. 81, 85, and 99.

to the arranged meeting, officers searched CI-2's person and vehicle and nothing of evidentiary value was located. *Id*. CI-2 was outfitted with audio and video recording equipment and provided $1540 in buy money. *Id.* Officers followed CI-2 to the agreed upon location. *Id*. at 2. At that time, officers observed Warner approach CI-2's vehicle, open the door, and make contact with CI-2. *Id*. Officers then observed Warner walking away from CI-2's vehicle. *Id.* CI-2 left the meeting location followed by the officers. *Id.* Officers then contacted CI-2 and CI-2 provided the officers $20 in buy money and a plastic baggie containing multiple multicolored pills marked "M 30". *Id.* The officers searched CI-2's person and vehicle again and did not find anything of evidentiary value. *Id*. The multicolor pills were later determined to be 231 pills containing fentanyl. Filing No. 115-2 at 3.

Finally, as it relates to the motion to sever, Warner contends the Government intends to call as a witness a woman (SJ) whom Leyva kidnapped and physically and sexually assaulted. Warner also contends there will be evidence introduced at trial that Leyva cut heroin and fentanyl together, resulting in the overdose of two individuals.[4] Filing No. 95, 109-1; 114-2.

ANALYSIS

1. Motion to Sever

Under Federal Rule of Criminal Procedure 8(b), an indictment may charge two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Trying codefendants together "give[s] the jury the best perspective on all the evidence and therefore increases the likelihood of the correct

---

[4] Both parties seem to agree that evidence will show Leyva mixed heroin and fentanyl together leading to overdoses but neither party submitted evidence on this specific issue.

3

outcome." *Darden*, 70 F.3d at 1528. However, "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

"[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. A defendant seeking severance "must show real prejudice, that is, something more than the mere fact that he would have had a better chance for acquittal had he been tried separately." *United States v. Mickelson*, 378 F.3d 810, 817-18 (8th Cir. 2004) (internal quotation omitted). "A defendant can show real prejudice either by showing that [his] defense is irreconcilable with the defense of [his] codefendant or codefendants or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants." *United States v. Jackson*, 64 F.3d 1213, 1217 (8th Cir. 1995) (quotation omitted). A defendant seeking severance has the heavy burden of demonstrating that the joint trial will impermissibly infringe on her right to a fair trial. *United States v. Baker*, 98 F.3d 330, 340 (8th Cir. 1996).

Here, Warner does not allege he and Leyva were improperly joined. Rather, Warner appears to argue the jury will be unable to compartmentalize the evidence as it relates to separate defendants.

As an initial matter, disparity among the defendants in extent of involvement and culpability is commonplace in conspiracy cases and does not alone show the kind of prejudice that would require a district court to sever, rather than to respond with some less drastic measure such as a curative instruction. *See U.S. v. Frazier*, 280 F.3d 835, 844 (8th Cir. 2002).; *United States v. Lee*, 374 F.3d 637, 646 (8th Cir.2004) ("It is not an abuse of discretion to deny a severance motion when not

4

every joined defendant has participated in every offense charged ... or when there is varying strength in the evidence against each defendant."); *United States v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008).

And "[s]everance is not required merely because evidence which is admissible only against some defendants may be damaging to others." *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir.1996). "The Supreme Court has made it clear that the risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions . . . ." *Id*. at 1144 (citing *Zafiro*, 506 U.S. at 540–41. ).

Warner points to two pieces of evidence he contends are inflammatory and prejudicial: (1) evidence that Leyva kidnapped and sexually assaulted SJ and (2) evidence that Leyva cut heroin and fentanyl together which led to overdoses. Filing No. 95 at 2-3. Warner argues these facts "practically guarantee[] [his] conviction." *Id*. Despite Warner's contention, he has cited no authority in support of his position.

Warner has failed to meet his burden to show a joint trial would be prejudicial. Warner merely states, without support, that the jury will be unable to differentiate the evidence between the two defendants. But the evidence identified by Warner is not confusing or intermingled and can be very clearly attributed to Leyva. This is a case involving facts that can be compartmentalized between defendants and the jury can receive a limiting instruction, if appropriate. Warner fails to meet the high standard required for severance by demonstrating that he will suffer any real prejudice. Therefore, severance is not warranted and Warner's motion to sever will be denied.

2. Motion to Compel Disclosure of Confidential Informants

The defendant bears the burden of showing that his need for disclosure of the identity of a confidential informant outweighs the government's privilege to

withhold the informant's identity. *U.S. v. Faulkner*, 826 F.3d 1139, 1147 (8th Cir. 2016); *U.S. v. Lapsley*, 263 F.3d 839, 841 (8th Cir. 2001).

In *Roviaro v. United States,* 353 U.S. 53 (1957), the Supreme Court considered when disclosure of the identity of a confidential informant is required and adopted a balancing test weighing "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id*. at 62. When deciding whether the confidential informant's identity must be disclosed, the Supreme Court outlined relevant factors such as the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors to determine whether, on balance, the defendant's need for disclosure outweighs the public's interest in maintaining the confidentiality of informants. *Id*.

In applying this standard, the Eighth Circuit has held the "threshold issue is whether the informant is a material witness." *Carpenter*, 257 F.3d at 779. And "disclosure of the confidential informant is not mandated 'unless it is vital to a fair trial.'" *Id*. citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987). Evidence is material only if there is a reasonable probability that, if the evidence is disclosed to the defense, the result of the proceeding will be different. *U.S. v. Parker*, 836 F.2d 1080, 1083 (8th Cir.1987) (quoting *U.S. v. Bagley*, 473 U.S. 667, 682 (1985)). However, the defendant must establish "beyond mere speculation" that the informant's testimony will be material to the determination of the case. *U.S. v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991). A trial court abuses its discretion if it orders disclosure absent a showing of materiality. *U.S. v. Grisham*, 748 F.2d 460, 463 (8th Cir. 1984).

Warner moves the court for an order directing the government to identify both CIs involved in this case. Filing No. 98. Warner's arguments in support of disclosing the CIs are limited. As to CI-1, Warner argues an understanding of CI-

1's source of knowledge could be used to impeach Hespen (and CI-1)[5] and without the witness's identity he is unable to properly prepare for trial. Warner further argues the crime lab report in this case is inconsistent with the description of drugs provided by CI-2 during the controlled purchase of fentanyl indicating a possible mishandling of evidence. He argues disclosure of CI-2's identity will allow him to explore this "discrepancy" and possibly render the evidence inadmissible. Filing No. 98 at 1.

First, the alleged inconsistency between CI-2's description of the drugs purchased from Warner and the crime lab report has been resolved. Filing No. 108, Exhibit 1 (indicating the pills at issue were of "various colors"). Counsel for both parties now acknowledge this. Filing No. 104 at 3, n.1; Filing No. 120. This eliminates Warner's concerns as to CI-2.[6]

The Court now turns to arguments relating to CI-1.  Warner argues CI-1 supplied law enforcement with information, namely, that Warner provided Hespen with methamphetamine, lives approximately six hours from Lincoln near the Colorado/Nebraska border, and transports narcotics on a green motorcycle. Filing No. 98 at 2. He contends CI-1 may have information that could be used to impeach co-defendant Hespen. *Id.*

Based on the information before the Court, Warner fails to make a sufficient showing that disclosure of CI-1 is "vital to a fair trial." *United States v. Curtis*, 965

---

[5] The Government indicated they do not intend to call CI-1 at trial but, if they do decide to call a CI-1 as a witness at trial, they will disclose their identity fourteen days prior to trial. Filing No. 104 at 5-6. Should the Government decide to call CI-1 at trial, they shall make such promised disclosure.

[6] While not raised by Warner, the Court concludes CI-2's identity need not be disclosed even though he was a participant in the underlying alleged drug transaction because the entirety of the transaction was observed by law enforcement, audio and video recorded, any evidence from the CI would be cumulative, and Warner has not argued how the information would be critical to his defense. See *U.S. v. Blair*, 4:21CR31552022 WL807422 (D. Neb. March 17, 2022).

7

F.2d 610, 614 (8th Cir. 1992). Warner relies on bare and speculative contentions as to how this disclosure will be material to his defense without affirmatively explaining why disclosure is required. Warner simply states, "without the witness' identity, the defense would be unable to contact [CI-1] and ask the necessary questions and properly prepare for trial." Filing No. 98 at 2. This is not enough. U.S. v. Kime, 99 F.3d 870, 879 (8th Cir. 1996) (citing *Curtis*, 965 F.2 at 614) ("the movant's burden 'requires more than mere speculation that the testimony of the informant might prove to be helpful to the defense.").

While Warner argues that CI-1 may have information relevant to impeaching Hespen's testimony, he did not present any evidence to support this contention. Based on the evidence before the Court, there does not appear to be any inconsistencies between the information provided by CI-1 and what the parties apparently expect Hespen to testify to at trial.[7] Rather, it appears CI-1 merely conveyed information to the government which supported a search warrant but neither witnessed nor participated in the offenses. Filing No. 108-1. Disclosure in such cases is generally not material to the outcome of the case and therefore not required. U.S. v. Lapsley, 334 F.3d 762, 764 (8th Cir. 2003); *see also* Faulkner, 826 F.3d at 1147 (finding disclosure of "mere tipster" CI was not required where CI provided "valuable initial information for the officers to obtain warrants from which evidence was gathered" but did not witness or participate in any of the charged offenses); United States v. Lindsey, 284 F.3d 874, 877 (8th Cir. 2002) ("[A] defendant's disclosure request will be denied where the information is sought only to attack an affidavit supporting the search warrant and there is no showing how the information would establish innocence.")

---

[7] It should go without saying that nothing in this Order eliminates the Government's obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny with regard to disclosing impeachment material.

8

With the information before the Court, the Defendant failed to carry his burden of showing that disclosure of the identity of any confidential informant will be material to his defense and vital to a fair trial. Therefore, Warner's motion to compel disclosure of confidential informants will be denied.

Finally, because the parties stipulated that the filed evidence can be considered for purposes of the pending motions and no witnesses are necessary, Filing No. 120, the undersigned finds no hearing on the pending motions is needed. Therefore, the Court will deny defendant Warner's motion to set a hearing. Filing No. 105.

Accordingly,

IT IS ORDERED that defendant Warner's motion to sever, Filing No. 95, motion to compel disclosure of confidential informants, Filing No. 98, and motion for hearing, Filing No. 105, are denied.

Dated this 19th day of November, 2024.

BY THE COURT:

_s/ Jacqueline M. DeLuca_
United States Magistrate Judge